IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN MACHO,                                NO. C 11-5720 WHA (PR)

    Plaintiff,                                **ORDER OF DISMISSAL**

  v.

JAMES D. HARTLEY, Warden;
SMETHERS, Correctional Counselor,
                                      (Docket No. 4)
    Defendants.
                                        /

## INTRODUCTION

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against officials at the Correctional Training Facility ("CTF"). Plaintiff is granted leave to proceed in forma pauperis in a separate order. The complaint is reviewed pursuant to 28 U.S.C. 1915A and Dismissed for failure to state a cognizable claim for relief.

## ANALYSIS

**A.** **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
2    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
3    upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
4    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
5    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
6    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
7    do. . . . Factual allegations must be enough to raise a right to relief above the speculative
8    level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
9    complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
10   at 1974.

11   To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:
12   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
13   that the alleged deprivation was committed by a person acting under the color of state law.
14   *West v. Atkins*, 487 U.S. 42, 48 (1988).

15   **B.    LEGAL CLAIMS**

16   Plaintiff alleges that he gave defendant Smethers an envelope containing a federal civil
17   rights complaint and a motion for appointment of counsel for mailing to federal court. Plaintiff
18   complains that Smethers failed to seal the envelope in Plaintiff's presence, in violation of his
19   First Amendment right to send confidential legal mail to court.

20   Inspecting or reading "legal mail," including mail sent from a prisoner to court, outside
21   the presence of the prisoner may have an impermissible "chilling" effect on the constitutional
22   right to petition the government. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996)
23   (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)). Nor may "legal mail" may be read or copied
24   without the prisoner's permission. *See Casey v. Lewis*, 43 F.3d 1261, 1269 (9th Cir. 1994),
25   *rev'd on other grounds*, 518 U.S. 343 (1996). Here, however, defendants are not alleged to
26   have inspected, read or copied plaintiff's legal mail. There is no constitutional requirement that
27   Smethers seal the envelope in plaintiff's presence. As long as he did not read, inspect, or copy
28   plaintiff's mail, which he is not alleged to have done, Smethers did not impinge upon plaintiff's

First Amendment rights. There are no allegations as to any conduct by the other named defendant, Warden Hartley. Consequently, plaintiff has failed to state a cognizable claim for relief.

**CONCLUSION**

For the reasons set out above, This case is **DISMISSED** for failure to state a cognizable claim for relief. The motion for appointment of counsel (docket number 4) is **DENIED.**

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 27, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\MACHO5720.DSM.wpd